Richard **GERMAIN**, Plaintiff–Appellant,

v.

**SEPHARDIC NURSING HOME**, Defendant–Appellee.

No. 06–5609–cv.

United States Court of Appeals, Second Circuit.

July 17, 2008.

Richard Germain, pro se, Irvington, NJ, for Appellant.

Jeffery A. Meyer, Kaufman Dolowich & Voluck, LLP, Woodbury, NY, for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, DAVID G. TRAGER,* District Judge.

**SUMMARY ORDER**

Richard Germain appeals from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*), entered on November 17, 2006, granting defendant's motion for summary judgment. We review a district court's grant of summary judgment de novo. "All evidence submitted on the motion is to be construed in the manner most favorable to the nonmoving party." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir.2004). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Germain presented no evidence that would give rise to an inference that his termination by Sephardic Nursing Home was the result of discrimination on the basis of his membership in a protected group. Since there is no evidence that the hurtful remarks Germain recounts were made by people who were responsible for terminating him or who were consulted by the decision-makers, they do not tend to show discriminatory animus on the part of

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

the decision-makers. *See Ostrowski v. Atlantic Mut. Ins. Cos.,* 968 F.2d 171, 182 (2d Cir.1992). Moreover, the District Court correctly held that Sephardic established a non-discriminatory basis for its decision to terminate Germain, who had been disciplined on numerous occasions for acts of insubordination and absenteeism.

Finally, Germain has not established a prima facie case of retaliation. He did not establish that Sephardic was aware of any 1998 EEOC complaint, and his 2005 EEOC complaint was filed after he was terminated.

The judgment of the District Court is affirmed.